UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM R. BOLZ,<br>    Plaintiff<br><br>vs.<br><br>JEAN A. BOUCHER,<br>    Defendant | Civil Action No.<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## INTRODUCTION

1.  This is a civil action seeking monetary damages against the Defendant for committing acts or omissions of negligence against Plaintiff.

## JURISDICTION

2.  The Plaintiff, WILLLIAM R. BOLZ, is a citizen of the State of Maine, in the nation of the United States of America and Defendant, JEAN A. BOUCHER, is a citizen of the Province of Quebec, in the nation of Canada. The matter in controversy exceeds, exclusive of interest and costs, the sum of $ 75,000.00

3.  The Court has jurisdiction under 28 U.S.C. §1332.

4.  The Court also has pendent jurisdiction as provided under 28 U.S.C. §1367(a).

## PARTIES

5.  Plaintiff, WILLIAM R. BOLZ, is a citizen and resident of the Town of Kittery, County of York, State of Maine and the United States of America.

1

6.  Defendant, JEAN A. BOUCHER, at all times relevant hereto, was an individual resident of the Arrondissement of Verdun, City of Montreal, Province of Quebec, and the nation of Canada.

### COUNT I - NEGLIGENCE

1. - 6.  Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 6, above, with the same force and effect as if herein set forth.

7.  On or about June 2, 2013, the Plaintiff, WILLAIM R. BOLZ, was operating a certain motorcycle as a permissive user, to-wit: 1976 Harley Davidson, which he was driving in a Southbound direction on State Road in the Town of Kittery, County of York and State of Maine.

8.  At said time and place, the Defendant, JEAN A. BOUCHER, was the driver of another certain automobile, to-wit: 2006 Ford, that was owned by himself.

9.  On or about June 2, 2013, and at the same time as aforesaid, the Defendant, JEAN A. BOUCHER was operating the said Ford automobile in the parking lot of a retail store that abutted the aforesaid State Road.

10.  At this said time and place, it became and was the duty of the Defendant, JEAN A. BOUCHER, to exercise due care and caution in the operation of his motor vehicle having due regard for the traffic and use of the roadway, and not to enter the public roadway until his way was clear and it was safe to proceed.

11.  At this time and place, the Plaintiff, WILLAIM R. BOLZ, was driving with due care and caution, along and upon the roadway, as aforesaid.

12.     At this time and place, the Defendant, JEAN A. BOUCHER, negligently drove his automobile into the said State Road, and into the path of the Plaintiff's automobile, thereby causing a collision between his auto and the Plaintiff's motorcycle.

13.     The Defendant, JEAN A. BOUCHER, was then and there guilty of one or more of the following negligent acts or omissions:

    a. Negligently and carelessly operating his motor vehicle without due regard for other vehicles rightfully and lawfully along the way;

    b. Negligently and carelessly operating his motor vehicle without sufficient control for conditions prevailing along said street;

    c. Failing to stop his motor vehicle in time to avoid a collision, although a collision was imminent, and where he had ample time and opportunity to avoid it;

    d. Negligently diving his motor vehicle without sufficient brakes; or in the alternative, if such brakes were adequate, negligently failing to apply such brakes so as to control the speed of his vehicle and to avoid the aforesaid collision;

    e. Driving his motor vehicle too fast and in such a manner that operation became dangerous, for the prevailing weather and road conditions;

    f. Driving his motor vehicle in disregard of the prevailing road, weather and traffic conditions, so as to constitute a driving hazard; and,

    g. Failing to keep a proper lookout for other vehicles along the roadway;

      h. Entering a public roadway without ensuring his way was clear and that it was safe to proceed.

14.    As a direct and proximate result of one or more of these aforesaid negligent acts or omissions, the Defendant's vehicle violently collided with the Plaintiff's vehicle causing the Plaintiff to be thrown off of his motorcycle, and over the hood of the Defendant's automobile and into the street, whereby the Plaintiff sustained great and severe personal injuries, including, but not limited to a whiplash injury that significantly injured the ligament and joints of his cervical and lumbar spine. These injuries caused the Plaintiff to experience great pain and suffering and required him to obtain extensive medical care, which medical care included radio frequency lesions in his cervical and lumber spine. The Plaintiff was caused to expend considerable sums of money for necessary medical care and attention, including, but not limited to:

| Provider | Bill |
| --- | --- |
| 1. American Medical Response | $1,962.23 |
| 2a. York Hospital. ER | $1,875.00 |
| 2b. York Hospital Radiology | $442.00 |
| 2c. York Hospital Phlebotomy | $128.00 |
| 3. David Lauter, MD | $398.00 |
| 4. American. Health Center (Imaging) | $3,342.00 |
| 5. Portsmouth Regional Hospital PT | $6,811.00 |
| 6. Seacoast Physiatry | $6,098.00 |
| 7. Douglas Black, MD | $350.00 |
| 8. Henry Pallatroni, MD | $355.00 |
| 9. York Pain Management. | $3,991.00 |
| 10. York Hospital Radiology | $1,022.00 |
| 11. Shields MRI | $1,200.00 |
| 12a. Rye Surgery (ISM) | $20,760.00 |
| 12b. Barrington Surgery (ISM) | $12,900.00 |
| 12c. Interventional Spine Medicine (ISM) | $21,768.00 |
| 13. Portsmouth Anesthesia | $1,200.00 |
| 14. Manuel Sanchez Pain Management | $1,210.00 |
| Total | $85,812.23 |

and is expected to be liable for future medical expense which are currently estimated at $1,025,000 for these injuries. The Plaintiff also sustained lost earnings that are calculated to be $ 30,930.00 as well as the loss of his enjoyment of a normal life. Plaintiff's injuries are of a permanent nature.

15. The Plaintiff requests a Jury Trial.

WHEREFORE, the Plaintiff, WILLAIM R. BOLZ, prays for judgment against the Defendant, JEAN A. BOUCHER, in the amount of $2,000,000.00 plus his costs of this action, interest and any such other relief to be deemed just and equitable.

Respectfully submitted,

Dated: May 10, 2019

WILLAIM R. BOLZ,
By His Attorney,

/s/ Thomas G Van Houten
Thomas G. Van Houten, Esq.

Thomas G. Van Houten, Esq.
481 Main St., Suite C-8
P.O. Box 667
Springvale, ME 04083
Bar Number 1904
info@vanhoutenlaw.com